UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVARISTO GARCIA-AVILA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04635 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Evaristo Garcia-Avila, is a detainee in the custody of United States

Department of Homeland Security, Immigration and Customs Enforcement ("ICE")

officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28

U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule

4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing

preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered

the United States without inspection in 2000 and has since been placed in removal

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

proceedings. Doc. No. 1 at 1, 5. Petitioner does not allege or show that he has been lawfully admitted into the United States. Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). His arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*.

In addition, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Likewise, his claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy). Petitioner does not otherwise allege facts to show that his detention currently violates the Constitution.

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DISMISSED**.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this ___24ᵗʰ___ day of June 2026.

$$\text{ANDREW S. HANEN}$$
$$\text{UNITED STATES DISTRICT JUDGE}$$